**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Ayesha S. Islam,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-02025-ABD-SH** |
| | § | |
| **Target L'oreal,** *Defendant* | § | |
| | § | |

**ORDER**

Before the Court are Plaintiff Ayesha S. Islam's Complaint, filed July 21, 2026 (Dkt. 1), and Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 23, 2026 (Dkt. 2).[1]

Islam sues Defendant Target L'oreal for personal injuries allegedly resulting from use of a skin care product. Dkt. 1 at 4. Islam alleges that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *Id.* at 3.

This Court has "an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023). A federal court has original federal question jurisdiction over any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Islam alleges only a personal injury claim and does not identify how that claim arises under federal law. The Court finds that it does not have federal question jurisdiction over Islam's claim.

Subject matter jurisdiction over a state law claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy exceeds $75,000 and there is complete diversity of

---

[1] The Honorable Andrew Davis referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Andrew Davis. Dkt. 3.

citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW*, 83 F.4th at 407. "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *Id.* Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). Therefore, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

Islam, who is proceeding *pro se*, alleges damages of $400,000, sufficient to satisfy the statutory minimum. Dkt. 1 at 4. She also alleges that she is a citizen of Texas. *Id.* at 3. She provides an address for Target L'oreal in Austin, Texas, but does not identify its principal place of business and state of incorporation. *Id.* at 4.

To satisfy the Court's obligation to determine whether it has diversity jurisdiction over her claim, this Magistrate Judge **ORDERS** Islam to file a statement alleging Target L'oreal's principal place of business and state of incorporation as of the filing date of her Complaint (July 21, 2026) **by September 4, 2026**.

Failure to comply with the Court's Order by the deadline may result in the dismissal of this case for want of prosecution and failure to comply with a court order under Rule 41(b).

**SIGNED** on August 18, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE